IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JERRY LYNN MCGAVITT,<br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-23-CV-378-DB |

## MEMORANDUM OPINION AND ORDER

Petitioner Jerry Lynn McGavitt, Texas State Prisoner Number 02146489, challenges Respondent Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1.[1] His petition is opposed by Lumpkin as untimely. Resp't's Answer, ECF No. 16 at 1. For the following reasons, his petition will be dismissed with prejudice as time barred.

## BACKGROUND AND PROCEDURAL HISTORY

McGavitt is a 32-year-old state prisoner at the Robertson Unit in Abilene, Texas. *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch (search for TDCJ No. 02146489, last visited Mar. 18, 2023). His parole eligibility date is September 8, 2044. *Id.*

McGavitt is serving a 60-year sentence imposed by the 34th District Court of El Paso County, Texas, after his conviction for the murder of Geraldo Luna. *McGavitt v. State*, No. 08-17-

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

00168-CR, 2019 WL 1075629, at *1 (Tex. App. Mar. 7, 2019, pet. denied), *cert. denied*, *McGavitt v. Texas*, 140 S. Ct. 2526 (Mar. 23, 2020).

According to opinion of the Eighth Court of Appeals, McGavitt and others tortured and brutally murdered Luna:

> On September 5, 2014, employees of the El Paso Electric Company were performing work in the basement of an abandoned building in downtown El Paso when they discovered a burned and decomposing body. Police responded to the scene and found what was later identified as the body of Geraldo Luna. The deceased appeared to have been restrained and violently beaten. His arms were bound behind his back, his feet were bound, his mouth had been gaged, and a ligature had been wrapped around his neck. He had broken bones in his arms and legs and his skull had been smashed in. The deputy medical examiner ruled the death a homicide by unspecified means, due in part to the difficulty in determining the exact cause of death from a burned and partially decomposed body.
>
> Officers initially identified two suspects, Jesus Barraza and Thomas McNair, each of whom had left identifying documents at the scene. A third individual, Marcus Adkins, was identified through fingerprint analysis. Through interviews, the police were able to identify … McGavitt … as having been involved.

*Id.*

McGavitt's conviction and sentence were affirmed by the Eighth Court of Appeals on March 7, 2019. *Id.* His petition for discretionary review was refused on June 19, 2019. *Id.* His motion for a rehearing was denied on August 21, 2019. His petition for a writ of certiorari was denied by the United States Supreme Court on March 23, 2020. *McGavitt*, 140 S. Ct. 2526.

McGavitt signed his state application for a writ of habeas corpus on November 8, 2022. State Writ, ECF No. 11-29 at 4. He claimed, among other things, that his counsel provided ineffective assistance when he failed to object when the State's DNA expert witness, Nicholas Ronquillo, testified that the blood evidence found on McGavitt's shirt was a mixture of two individuals' blood—instead of inconclusive as the State's lab report prepared by the person who actually conducted the testing, Christine Ceniceros, claimed. State Writ, ECF No. 11-28 at 185.

His application was denied without written order on January 4, 2023. Action Taken, ECF No. 11-30. His motion to reconsider was dismissed on January 25, 2023. Mot. to Reconsider, ECF No. 11-32 at 1. His petition to the Supreme Court for a writ of certiorari was denied on May 30, 2023. Letter, ECF No. 11-34.

McGavitt claims in his federal petition—which he dated October 2, 2023—that his counsel provided constitutionally ineffective assistance when he failed to challenge "a surrogate expert to testify to the results of a lab report." Pet'r's Pet., ECF No. 1 at 7 (citing *Bullcoming v. New Mexico*, 564 U.S. 647 (2011) (holding (1) defendant had a right to confront the analyst who certified a blood-alcohol analysis report, and (2) the report was testimonial within the meaning of the Confrontation Clause). He further claims his petition is timely because of his "actual innocence." *Id.* at 11. He asks the Court to overturn his conviction and sentence. *Id.* at 7.

## STANDARD OF REVIEW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Additionally, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §

2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)–(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings ... [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865

4

F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

The petitioner has the burden of proving an entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

As an initial matter, McGavitt's petition does not allege an unconstitutional "State action" impeded him from filing for federal habeas corpus relief prior to the end of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B); Pet'r's Pet., ECF No. 1 at 6–8. His petition also does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* § 2244(d)(1)(C); Pet'r's Pet., ECF No. 1 at 6–8. His claims arise from events which occurred at his trial. So, he should have been aware of the claims he raises in his federal petition well before his conviction became final. *See id.* § 2244(d)(1)(D); Pet'r's Pet., ECF No. 1 at 6–8. As a result, the provisions of § 2244(d)(1)(B), (C), and (D) do not apply.

Moreover, McGavitt did not file his federal petition within one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). His petition for certiorari in his criminal case was denied by the Supreme Court on March 23, 2020. *McGavitt*, 140 S. Ct. 2526. Hence, his conviction became final that same day. *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002). As a result, he had one year—or until March 23, 2021—to timely file his federal petition. 28 U.S.C. §

2244(d)(1)(A). He constructively filed his federal petition on October 2, 2023—the day he signed and presumably placed it in the prison mail system. Pet'r's Pet., ECF No. 1 at 7; *see United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) ("a *pro se* motion is deemed filed at the time it is delivered to prison officials") (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). His state habeas application did not toll the statute of limitations because he filed it after the limitations period expired. State Writ, ECF No. 11-25 at 50 (showing McGavitt's state habeas application was postmarked on October 27, 2022). Since McGavitt initiated the instant action in October of 2023, and his limitations period expired in March of 2021, his petition was untimely by over two-and-one-half years.

McGavitt offers no explanation for his delay in filing a state writ application or a federal habeas petition within a year after the Supreme Court denied his petition for a writ of certiorari on March 23, 2020. *McGavitt*, 140 S. Ct. 2526. Consequently, he cannot meet his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. *Lawrence*, 549 U.S. at 336.

McGavitt maintains he is actually innocent, and his petition is, therefore, not barred by limitations period. Pet'r's Pet., ECF No. 1 at 11.

A petitioner may overcome the AEDPA statute of limitations by showing his actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But actual innocence means factual innocence—not mere legal insufficiency. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). And a petitioner must demonstrate—considering all the evidence—"'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 328 (1995)).

Additionally, a petitioner must support his allegations of constitutional error with reliable *new* evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was *not* presented at trial. *Schlup*, 513 U.S. at 324 (emphasis added).

McGavitt offers no reliable *new* evidence he is actually innocent. Indeed, he refers to the trial transcript—the evidence offered at his trial—to support his actual innocence claim. Pet'r's Traverse, ECF No. 12 at 2–7. He observes the trial record shows the prosecution failed to present physical, fingerprint, or DNA evidence which connected him to a weapon used to murder Luna—or to the crime scene. *Id.* As a result, McGavitt fails to offer any *new* exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which could support a conclusion it is more likely than not that no reasonable juror would have convicted him. His claims regarding his conviction remain time barred.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for dismissing McGavitt's claims on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that McGavitt's § 2254 petition is time barred, he is not entitled to equitable tolling, he has not shown his actual innocence, and the merits of his claims need not be addressed. The Court further concludes that McGavitt is not entitled to a certificate of appealability. The Court accordingly enters the following orders:

**IT IS ORDERED** that McGavitt's motion for an extension of time to file a response to Lumpkin's answer (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that McGavitt's *pro se* "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred.

**IT IS FURTHER ORDERED** that McGavitt is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this __18th__ day of March 2024.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

8